**Daouda KONE, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–6005–ag.

United States Court of Appeals,
Second Circuit.

July 14, 2006.

John S. Richbourg, Tennessee, for Petitioner.

Reginald I. Lloyd, United States Attorney, District of South Carolina, Christie V. Newman, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Daouda Kone ("Kone"), a native and citizen of Ivory Coast, challenges an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA affirms the decision of the immigration judge ("IJ") in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). In the instant case, the BIA concurred only with the IJ's findings that Kone's asylum claim was time-barred and that Kone was not credible; it did not address or adopt the IJ's finding that Kone failed to meet his burden of proof.

■ This Court does not have jurisdiction to review the denial of Kone's asylum application as time-barred. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review an agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 150–154 (2d Cir.2006). Although we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen,* 434 F.3d at 151, Kone presented no such claims in his petition for review. Accordingly, Kone's petition for review of the denial of his asylum claim must be dismissed.

The BIA affirmed the denial of Petitioner's withholding and CAT claims based on the IJ's finding that Kone was not credible. This Court reviews adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Yet "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

■ The IJ considered several possible inconsistencies between Kone's hearing testimony and his written asylum application relating to his arrest and detention. While inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, they need not be fatal if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS,* 331

F.3d 297, 308–09 (2d Cir.2003). We believe the alleged differences between Kone's hearing testimony and his written asylum application either are not inconsistent or are sufficiently minor that they do not undercut Kone's basic claim, provided in great detail, of his persecution in Ivory Coast.

■ Significantly, the IJ, in finding Kone not to be credible, relied heavily on a discrepancy between the date of entry into the United States indicated on Kone's passport and the date of entry described in his written and oral testimony. Kone appeared surprised by the inconsistent information in his passport and subsequently sought, on a motion for remand, to introduce an explanation. The BIA properly construed the motion to remand as a motion to reopen. *See Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001). Leaving aside the question of whether this date-of-entry discrepancy would provide a sufficient basis for an adverse credibility finding on the existence of persecution in Ivory Coast, *see Secaida–Rosales,* 331 F.3d at 308, we conclude the BIA improperly declined to permit an explanation. The BIA denied the motion for remand because Kone's letter from the Ivory Coast consulate acknowledging employee error was available at the time of Kone's merits hearing before the IJ. But until he was made aware of the discrepancy Kone had no reason to obtain this explanatory letter, and the IJ did not provide him with notice of the discrepancy or an opportunity to explain it. Since it was by no means obvious that a discrepancy on this matter would become the basis of the IJ's decision on Kone's withholding and CAT claims, an opportunity either at the initial hearing or on remand should have been provided. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 118 (2d Cir.2006).

For the foregoing reasons, the petition for review of Kone's asylum application is DISMISSED, and the order of the BIA concerning Kone's withholding and CAT claims is VACATED and REMANDED for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).